# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

LE PETIT-FILS DE L.U. CHOPARD & CIE SA,
A Swiss company,
CHOPARD USA, LTD., a foreign corporation
        Plaintiffs,

   v.

HIGH COUNTRY MILLWORK, INC.,
        Defendant.

_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND
_____

COMES NOW the Plaintiffs Le petit-fils de L.U. Chopard & Cie SA and Chopard USA, Ltd., (collectively hereinafter "Chopard"), by and through counsel, Campbell, Wagner, Frazier & Dvorchak, LLC, and submits the following Complaint and Jury Demand. In support thereof, Chopard alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Le petit-fils de L.U. Chopard & Cie SA is a foreign company registered in Switzerland.

2. Le petit-fils de L.U. Chopard & Cie SA's principal place of business is located at 8 Rue de Veyrot, 1217 Meyrin, Geneva, Switzerland.

3. Chopard USA, Ltd., is a foreign corporation registered in the state of New York.

4. Chopard USA, Ltd.'s principal place of business is located at 75 Valencia Ave., Suite 1200, Coral Gables, FL 33134.

5. Chopard USA, Ltd., is a wholly-owned subsidiary of its parent company, Le petit-fils de L.U. Chopard & Cie SA.

6. Defendant High Country Millwork, Inc. (hereinafter "Defendant High Country"), is a foreign corporation licensed to do business in the state of Colorado.

7. Defendant High Country is a foreign corporation registered in the state of Delaware.

8. Defendant High Country's principal place of business is 4076 Specialty Place, Longmont, CO 80504.

9. In 2019, Chopard and High Country entered into a contract wherein Defendant High Country was to build and install furniture for Chopard (hereinafter "the Contract").

10. The total price of the work Chopard contracted with Defendant High Country to perform was $226,965.13. Chopard paid half of this amount deposit when the Contract was signed.

11. The Contract was entered into in the state of Colorado.

12. The furniture Defendant High Country agreed to build was to be built in Colorado.

13. Defendant High Country breached the Contract.

14. Jurisdiction is proper in this Court on the basis of diversity.

15. Venue is proper.

## **GENERAL ALLEGATIONS**

16. Chopard incorporates all prior allegations as though set forth fully herein.

17. Chopard is in the business of manufacturing and selling luxury watches and jewelry.

18. Chopard was scheduled to open a new location to display its watches and jewelry at the Saks "Vault" in New York on September 4, 2019.

19. In order to have the necessary furniture to display its products, Chopard engaged Defendant High Country to construct, deliver, and install furniture for Chopard.

20. High Country submitted a proposed contract to Chopard dated May 23, 2019. This contract detailed the agreement for Defendant High Country to construct, deliver, and install furniture for Chopard.

21. The contract was signed by Chopard on July 16, 2019.

22. Joshua Scanlan, a Project Manager for Defendant High Country, sent an e-mail on May 24, 2019, to Michael Svantner, an architect for Chopard, affirming Defendant High Country would begin installation of the furniture on August 12, 2019, and make the turnover date of August 23, 2019.

23. Mr. Scanlan sent an e-mail to Mr. Svantner on May 25, 2019, attaching Defendant High Country's schedule for the project (hereinafter "the Schedule").

24. The May 25, 2019 Schedule listed a delivery date of August 12, 2019.

25.     The May 25, 2019 Schedule listed a substantial completion/turnover date of August 23, 2019.

26.     The Contract specified the total cost of the work to be performed by Defendant High Country as $226,965.13.

27.     Chopard has paid $113,482.56, or half of the total contract price, to Defendant High Country.

28.     Defendant High Country failed to deliver the furniture for Chopard by the agreed-upon deadline of August 12, 2019.

29.     Defendant High Country failed to meet the substantial completion/turnover date of August 23, 2019, as listed in the Schedule.

30.     Instead, on August 23, 2019, Mr. Scanlan notified Chopard Defendant High Country could not meet the substantial completion/turnover deadline of August 23, 2019.

31.     Defendant High Country did not notify Chopard at any time prior to August 23, 2019, that it would not be able to meet the agreed-upon substantial completion/turnover deadline.

32.     Defendant High Country's failure to have the furniture constructed and delivered for Chopard by August 12, 2019, was a material breach of the Contract.

33.     Defendant High Country's failure to meet the substantial completion/turnover deadline of August 23, 2019, was a material breach of the Contract.

34.     Chopard did not breach its Contract with Defendant High Country.

35. Chopard made it known to Defendant High Country when the Contract was signed that delivery of the furniture must be completed on time because the Saks Vault Grand Opening was on September 4, 2019.

36. Defendant High Country's breach of the Contract has caused Chopard to suffer significant financial losses.

37. Defendant High Country's breach of the Contract has forced Chopard to pay delay expenses comprised of additional costs for drywall work for safety compliance, barricades, security, and temporary exhibit space at Saks.

38. Chopard's delay expenses are estimated to reach $49,274.82 by December 1, 2019.

39. The delay expenses incurred by Chopard continue to grow each day Defendant High Country remains in breach of the Contract.

40. Defendant High Country has not refunded Chopard's $113,482.56 deposit, despite breaching the Contract.

41. Defendant High Country's breach of the Contract has caused Chopard's sales at Saks to decrease.

42. Chopard's sales will continue to suffer, and its losses grow, each day Defendant High Country remains in breach of the Contract.

43. Chopard has suffered lost profits as a result of Defendant High Country's breach of the Contract.

44. Chopard will continue to suffer lost profits as long as Defendant High Country remains in breach of the Contract.

## **FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT)**

45. Chopard incorporates all prior allegations as though set forth fully herein.

46. Chopard and Defendant High Country entered into a Contract that required Defendant High Country to construct, deliver, and install furniture for Chopard by August 12, 2019.

47. Defendant High Country breached its Contract with Chopard by failing to construct and deliver furniture for Chopard by August 12, 2019.

48. Defendant High Country agreed to a substantial completion date of August 23, 2019.

49. Defendant High Country breached its Contract with Chopard by failing to meet the substantial completion date of August 23, 2019.

50. Chopard substantially complied with its obligations under the Contract with Defendant High Country.

51. Chopard suffered damages and losses as a result of Defendant High Country's breach of the Contract, including, but not limited to, general and special damages.

52. As a result of Defendant High Country's breach of the Contract, Chopard has incurred past expenses associated with Defendant High Country's delay such as additional costs for drywall work for safety compliance, barricades, security, and temporary exhibit space at Saks.

53. They will continue to incur additional expenses as a result of Defendant High Country's breach of the Contract.

54. Chopard has suffered past lost sales as a result of Defendant High Country's breach of the Contract.

55. Chopard will continue to suffer lost sales as a result of Defendant High Country's breach of the Contract.

56. Chopard has suffered lost profits as a result of Defendant High Country's breach of the Contract.

57. Chopard will continue to suffer lost profits as a result of Defendant High Country's breach of the Contract.

## SECOND CLAIM FOR RELIEF (UNJUST ENRICHMENT)

58. Chopard incorporates all prior allegations as though set forth fully herein.

59. Defendant High Country received a benefit from Chopard.

60. The benefit Defendant High Country received was at Chopard's expense.

61. Under the circumstances by which Defendant High Country received the benefit from Chopard, it would be unjust for Defendant High Country to retain the benefit without commensurate compensation for Chopard.

## JURY DEMAND

Plaintiffs hereby demand this case be tried to a jury.

WHEREFORE, Chopard requests the Court enter judgment against Defendant High Country for general damages, special damages, costs, expert witness fees, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of November, 2019.

By: *s/ Michael O. Frazier*
Michael O. Frazier (CO Bar No. 23189)
Robert A. Zahradnik-Mitchell (CO Bar No. 50307)
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 350
Greenwood Village, Colorado  80111
(303) 831-5990
Email:  mfrazier@cwfd-law.net
rzahradnik@cwfd-law.net
*Attorneys for Plaintiff*